UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AA AUTOLAND CORP. d/b/a
AA AUTOLAND,
ALEX AWAAD, and
NADIA AWAAD,

        Plaintiffs,

v.                                      CASE NO. 08-14613
                                       HON. LAWRENCE P. ZATKOFF

EMPIRE FIRE AND MARINE
INSURANCE COMPANY,

        Defendant.
_____/

## OPINION & ORDER

AT A SESSION of said Court, held in the United States Courthouse,
in the City of Port Huron, State of Michigan, on November 2, 2009

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

### I. INTRODUCTION

This matter comes before the Court on Defendant's emergency motion to dismiss and/or enforce settlement agreement and for sanctions [dkt 22] and Plaintiffs' counsel's motion to withdraw as Plaintiffs' counsel [dkt 24]. The Court finds that the facts and legal arguments are adequately presented in parties' papers such that the decision process would not be significantly aided by oral argument. Therefore, pursuant to E.D. Mich. LR 7.1(e)(2), it is hereby ORDERED that the Motions be resolved on the briefs submitted. For the reasons set forth below, Defendant's motion is DENIED in part and GRANTED in part and Plaintiffs' counsel's motion is DENIED.

### II. BACKGROUND

This action arises out of a fire that occurred on or about October 1, 2007, at property insured

by Defendant. Plaintiffs made a claim against Defendant under a policy of insurance issued to Plaintiffs. Defendant removed the case to this Court on the basis of diversity jurisdiction. Plaintiffs claim that Defendant wrongfully denied Plaintiffs' claim for insurance benefits on the basis that the fire was set by Plaintiffs or their agents. On June 22, 2009, Defendant filed its motion for partial summary judgment [dkt 11]. Plaintiffs did not respond and the time to do so has since lapsed. On August 10, 2009, Magistrate Judge Donald A. Scheer ordered Plaintiffs to answer certain interrogatories by August 18, 2009 [dkt 18], which Plaintiffs did not timely answer. Both parties acknowledge that, on August 17, 2009, a settlement was reached for the sum of $45,000.00. On August 31, 2009, Defendant mailed Plaintiffs a copy of the settlement agreement and stipulation and order of dismissal for Plaintiffs' signatures. However, Plaintiffs refused to sign the settlement agreement and have since indicated that they no longer wish to settle. On October 2, 2009, Plaintiffs' counsel filed a motion to withdraw as counsel, citing a breakdown in the attorney-client relationship.

Defendant argues that the case should be dismissed under Fed. R. Civ. P. 41 as an involuntary dismissal for failure to comply with a court order, specifically Judge Scheer's order to answer interrogatories by August 18, 2009. Plaintiffs respond that a dismissal is not warranted because the parties reached a settlement agreement on August 17, 2009, thus eliminating their need to answer interrogatories. Alternatively, Defendant argues that the Court should enforce the settlement agreement.

### III. STANDARD OF REVIEW

Rule 41 of the Federal Rules of Civil Procedure provides in pertinent part the following:

> If the plaintiff fails to prosecute or to comply with these rules of a
> court order, a defendant may move to dismiss the action or any claim

> against it.  Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule—except one for lack of jurisdiction, improper venue, or failure to join an indispensable party under Rule 19—operates as an adjudication on the merits.

Fed. R. Civ. P. 41(b).  Sanctions may be issued for violating court orders to compel discovery under Rules 37(a)(5) and 37(b)(2) of the Federal Rules of Civil Procedure.

The Court may also enforce a settlement agreement between parties even after a unilateral change of mind.  *See Reed v. Citizens Ins. Co. of Amer.*, 198 Mich. App. 443, 447 (Mich. Ct. App. 1993) (holding that a unilateral change of mind is not an adequate ground to excuse performance of a contract to settle legal claims) (*overruled on other grounds* in *Griffith v. State Farm Mut. Auto. Ins. Co.*, 472 Mich. 521, 540 (2005)) (citing *Thomas v. Mich. Mut. Ins. Co.*, 138 Mich. App. 115, 118 (Mich. Ct. App. 1984) ("Settlement agreements should not normally be set aside and . . . once a settlement agreement is reached a party cannot disavow it merely because it has had a 'change of heart.'")).  Also, "[a] valid settlement agreement need not be premised on a writing at all, let alone a writing signed by all of the parties."  *Mich. Reg'l Counsel of Carpenters v. New Century Bancorp Inc.*, 99 Fed. Appx. 15, 21-23 (6th Cir. Mich. 2004) (enforcing a settlement agreement where all parties did not sign the settlement agreement, but all parties, by expressions of assent, agreed to the material terms of the settlement agreement).

## IV. ANALYSIS

The Court finds that Plaintiffs' failure to comply with the Court's order to compel discovery does not warrant dismissal of the case due to Plaintiffs' good faith belief that the case had been settled before the discovery was due.  For the same reason, the Court also finds that sanctions are not warranted for this violation.

However, the Court finds that the settlement agreement reached between the parties merits enforcement. Although the settlement agreement was not signed by Plaintiffs, they fully admit that they agreed to the material terms of the settlement agreement and do not now contend that the agreement is invalid. Specifically, Plaintiffs admit to informing Defendant by way of telephone that the parties' claims were settled in the amount of $45,000.00. The settlement agreement should not be set aside because Plaintiffs have had a change of heart. The Court will therefore enforce the settlement agreement reached between Plaintiffs and Defendant, wherein Plaintiffs agreed to release all claims against Defendant arising out of the October 30, 2007, fire in exchange for $45,000.00. Accordingly, the Court denies Plaintiffs' Counsel's motion to withdraw as moot.

## V. CONCLUSION

For the reasons set forth above, IT IS HEREBY ORDERED that Defendant's Motion to Enforce the Settlement Agreement is GRANTED.

IT IS FURTHER ORDERED that Defendant's Emergency Motion to Dismiss is DENIED.

IT IS FURTHER ORDERED that Defendant's Motion for Sanctions is DENIED.

IT IS FURTHER ORDERED that Plaintiffs' Counsel's Motion to Withdraw is DENIED.


IT IS SO ORDERED.

        S/Lawrence P. Zatkoff
        LAWRENCE P. ZATKOFF
        UNITED STATES DISTRICT JUDGE

Dated: November 2, 2009

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of

record by electronic or U.S. mail on November 2, 2009.

                                                S/Marie E. Verlinde
                                                Case Manager
                                                (810) 984-3290